<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| S-PLATFORM, LLC, | |
| Plaintiff, | Case No. 2:23-cv-21480 (BRM) (AME) |
| v. | **OPINION** |
| RPM EXPRESS, INC.; JOHN DOES 1-10; JANE DOES 1-10; and ABC COMPANIES 1-10, | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff S-Platform, LLC's ("Plaintiff") Motion to Compel Arbitration (the "Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* (ECF No. 23.) Defendant RPM Express, Inc. ("Defendant") failed to file an opposition and, as such, the Court considers the Motion unopposed. (*See* ECF No. 24.) This Court has jurisdiction pursuant to 42 U.S.C. § 1332(a). Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, the Motion under Rule 12(b)(6) (ECF No. 23) is **DENIED** as procedurally defective. However, the Court *sua sponte* reconsiders Plaintiff's Request for Default (ECF No. 22) directs the Clerk's Office to enter default against Defendant under Rule 55(a).

**I.    BACKGROUND**

For the purpose of this motion, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v.*

*Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

    A.    **Factual Background**

Plaintiff is an international trading company organized under the laws of New Jersey, which utilizes the services of brokers and carriers to transport its goods. (Am. Compl. (ECF No. 8) ¶¶ 5, 7–8.) Defendant is a transportation broker organized under the laws of Virginia. (*Id.* ¶ 9.) In or about 2021, Plaintiff entered into an agreement with Defendant to arrange for the safe transportation of its goods. (*See id.* 8 ¶¶ 11, 20.) For approximately two years, Plaintiff utilized Defendant's brokering services without incident. (*See id.* ¶ 20; *but see* ECF No. 13-2 ¶ 4 (claiming Plaintiff and Defendant had no prior dealings).)

On March 21, 2023, Plaintiff issued a Delivery Order to Defendant to transport one shipping container between warehouses located in California. (ECF No. 8 ¶ 17; *accord* ECF No. 8-1 at 2–3.) The shipping container contained "828 S-Energy 400W Solar Panels" (the "Shipping Container"), which were approximately valued at $170,000. (ECF No. 8 ¶ 18.)

On March 22, 2023, Defendant entered into a Carrier and Broker Agreement with an unknown party utilizing the Department of Transportation ("DOT") and Motor Carrier ("MC") numbers of non-party CST Transport LLC (*id.* ¶¶ 21–23, 37–38; *accord* ECF No. 8-1 at 3–10.) Defendant communicated with the party presenting as CST Transport solely through emails and did not call CST Transport prior to entering the agreement. (*See* ECF No. 8 ¶ 38.) The unknown party subsequently appointed a party identifying itself as 1 Remedy Logistics, LLC, to transport the Shipping Container. (*Id.* ¶ 26; *see also* ECF No. 13-2 ¶ 7.)

On March 23, 2023, Defendant supplied a Bill of Lading, which Plaintiff subsequently supplied to the pickup warehouse. (ECF No. 8 ¶¶ 24–5; *accord* ECF No. 8-1 at 11–12.) That evening, Defendant notified Plaintiff the Shipping Container had not been delivered to the receiving warehouse. (ECF No. 8 ¶ 29.) Furthermore, the alleged representatives of neither CST Transport nor 1 Remedy Logistics were responding to Defendant's attempts at communication. (*Id.* ¶ 29; *see also* ECF No. 13-2 ¶ 9.) Although Defendant assured Plaintiff it would investigate the circumstances and provide Plaintiff with more information regarding the missing Shipping Container as it became available, Defendant subsequently avoided any further communications with Plaintiff entirely. (*See id.* ¶¶ 31, 34–35.) Plaintiff ultimately reported the missing Shipping Container to both the Ontario California Police Department and the Englewood Cliffs New Jersey Police Department. (*Id.* ¶¶ 32–33; *accord* ECF No. 8-1 at 13–19.)

**B.     Procedural History**

On October 25, 2023, Plaintiff filed the Complaint against Defendant alleging both breach of contract and negligence under diversity jurisdiction. (ECF No. 1.) In response to the Court's directive, Plaintiff subsequently filed a Diversity Disclosure Statement (ECF No. 3), which failed to sufficiently set forth Plaintiff's state of citizenship (ECF No. 4). On December 4, 2023, the Court entered an Order dismissing the Complaint without prejudice for lack of subject-matter jurisdiction. (ECF No. 5.)

On December 22, 2023, Plaintiff filed a motion for relief pursuant to Rule 60(b) and for leave to file an Amended Complaint pursuant to Rule 15(a). (ECF No. 6.) On January 2, 2024, the Court entered an Order reinstating the matter and granting leave to file the Amended Complaint (ECF No. 7), which Plaintiff filed on January 3, 2024. (ECF No. 8.) The Amended Complaint sufficiently set forth Plaintiff's state of citizenship. (*See id.*)

On February 7, 2024, Defendant filed a motion to compel arbitration pursuant to an arbitration clause contained in the Carrier and Broker Agreement between Defendant and the party presenting as CST Transport. (ECF No. 13; *see also* ECF Nos. 11, 12 (extending time to respond to the Amended Complaint).) In response, on March 11, 2024, Plaintiff filed a consent order to dismiss the Amended Complaint without prejudice "to allow the parties to pursue private mediation and/or arbitration." (ECF No. 15.) On March 18, 2024, the Court entered the Consent Order dismissing the Amended Complaint without prejudice. (ECF No. 16.)

Following the dismissal of the Amended Complaint, counsel for Plaintiff and Defendant negotiated the terms of a mediation agreement (the "Mediation Agreement"), which was then drafted and mailed to Defendant for execution. (ECF No. 17-2 ¶ 6.) Following its receipt of the proposed Mediation Agreement, however, counsel for Defendant ceased all communication with counsel for Plaintiff. (*Id.* ¶ 7–11.) Neither Plaintiff nor Defendant ultimately executed the proposed Mediation Agreement. (*See generally id.* at 5–8.)

On September 25, 2024, Plaintiff filed a second motion for relief pursuant to Rule 60(b). (ECF No. 17.) Although Defendant requested an extension to oppose same (ECF No. 18; *see also* ECF No. 19 (granting same)), no opposition to the motion was ultimately filed (*see* ECF No. 20). On March 12, 2025, the Court entered an Order reinstating the matter. (ECF No. 21.)

On April 10, 2025, Plaintiff filed a Request for Default under Rule 55(a) (ECF No. 22), which the Clerk's Office denied based on Defendant's prior motion to compel arbitration (Clerk's Entry dated April 14, 2025).

On July 16, 2025, Plaintiff filed the Motion to Compel Arbitration pursuant to the terms of both the Carrier and Broker Agreement between Defendant and the party presenting as CST Transport as well as the unexecuted Mediation Agreement between Plaintiff and Defendant. (ECF

4

No. 23.) Pursuant to Local Rule 7.1(d)(2), an opposition was to be filed by August 4, 2025. (*See* ECF No. 24.) On August 14, 2025, the Court entered a Text Order noting Defendant's failure to oppose the Motion and *sua sponte* extending the deadline to August 21, 2025. (*Id.*) The Text Order warned the "[f]ailure to do so may result in the [M]otion [to Compel Arbitration] being considered unopposed." (*Id.*) At this time, no opposition has been filed in response to the Motion to Compel Arbitration and Defendant has not otherwise appeared since October 7, 2024. (*See* ECF Nos. 18, 25.)

## II.   LEGAL STANDARD

The FAA "establishes a policy in favor of arbitration that requires the liberal reading of arbitration agreements and the resolution of any doubts in favor of arbitration." *S. Broward Hosp. Dist. v. Medquist, Inc.*, 258 F. App'x 466, 467 (3d Cir. 2007) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, (1983)). The FAA provides a written provision "to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Decades ago, the Supreme Court discussed 9 U.S.C. § 2 as 'a congressional declaration of a liberal federal policy favoring arbitration agreements.'" *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 338 (3d Cir. 2023) (quoting *Moses*, 460 U.S. at 24). More recently, though, the Supreme Court explained that "the FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022) (quoting *Moses*, 460 U.S. at 24). Rather, this policy "is to make 'arbitration agreements as enforceable as other contracts, but not more so.'" *Morgan*, 596 U.S. at 418 (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)). "Accordingly, a court must

hold a party to its arbitration contract just as the court would to any other kind." *Morgan*, 596 U.S. at 418.

When addressing a motion to compel arbitration, a federal court is "limited to a 'narrow scope' of inquiry." *Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007) (quoting *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997)); *MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 399 (3d Cir. 2020). The Court may consider only narrow "gateway matters" that touch on the question of arbitrability, such as whether an arbitration agreement applies to a particular controversy, or whether the parties are bound by the arbitration clause. *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 585 (3d Cir. 2007).

"[Q]uestions of arbitrability, including challenges to an arbitration agreement's validity, are presumed to be questions for judicial determination." *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013) (citation omitted). "In considering a motion to compel arbitration, a court must engage in a two-step analysis: it must determine first whether there is a valid agreement to arbitrate and, if so, whether the specific dispute falls within the scope of said agreement." *Thomas v. Jenny Craig, Inc.*, Civ. A. No. 10-2287, 2010 WL 3076861, at * 3 (D.N.J. Aug. 4, 2010) (citing *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009); *Salvadori v. Option One Mortg. Corp.*, 420 F. Supp. 2d 349, 356 (D.N.J. 2006)). "State contract principles apply in ascertaining whether the parties to an action have agreed to arbitrate." *Sarbak v. Citigroup Glob. Mkts., Inc.*, 354 F. Supp. 2d 531, 537 (D.N.J. 2004) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002)). "Under New Jersey law, '[a]n agreement to arbitrate, like any other contract, must be the product of mutual assent, as determined under customary principles of

6

contract law.'" *Levy v. AT&T Servs., Inc.*, Civ. A. No. 21-11758, 2022 WL 844440, at *3 (D.N.J. Mar. 22, 2022) (alteration in original) (quoting *James v. Glob. TelLink Corp.*, 852 F.3d 262, 265 (3d Cir. 2017)). "Therefore, 'if parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract.'" *Id.* (quoting *Crawford v. Compass Grp. USA*, Civ. A. No. 14-2545, 2015 WL 1006389, at *3 (D.N.J. Mar. 6, 2015)). "To manifest assent, 'an offeree must provide "unqualified acceptance," which can be express or implied by conduct.'" *Id.* (quoting *Glob. TelLink Corp.*, 852 F.3d at 265). For example, where employees are properly notified of an arbitration agreement, and where inaction may lawfully be considered assent, "failure to opt out of the arbitration through inaction [is] a proper method to assent." *Id.* at *4 (collecting cases).

"Where arbitrability is apparent on the face of the complaint, a Rule 12(b)(6) standard of review should be applied to the motion to compel arbitration." *Sauberman v. Avis Rent a Car Sys., L.L.C.*, Civ. A. No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (citing *Guidotti*, 716 F.3d at 774). However, the "Rule 12(b)(6) standard is inappropriate when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate" or when "the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Guidotti*, 716 F.3d at 774. Rather, courts should use the Rule 56 summary judgment standard. *Id.* "Therefore, a court must first determine whether there is a genuine issue of material fact as to whether a valid arbitration agreement exists." *Jayasundera v. Macy's Logistics & Operations, Dep't of Hum. Res.*, Civ. A. No. 14-7455, 2015 WL 4623508, at *2 (D.N.J. Aug. 3, 2015). In making this

7

determination, the party opposing arbitration receives "the benefit of all reasonable doubts and inferences that may arise." *Id.*

### III.   DECISION

#### A.   Rule 12(b)(6)

Plaintiff moves to compel arbitration pursuant to Rule 12(b)(6). (*See generally* ECF No. 23.) Specifically, Plaintiff requests the Court to enforce the arbitration clauses contained within the following agreements: (1) the Carrier and Broker Agreement between Defendant and the party presenting as CST Transport[1]; and (2) the unexecuted proposed Mediation Agreement between Plaintiff and Defendant. (*See id.* at 9.)

Although the FAA permits the parties to an arbitration agreement to apply to the Court for an order to compel arbitration, such a motion is submitted pursuant to either Rule 12(b)(6) or Rule 56(a). *See Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 771–74 (3d Cir. 2013) (requiring the Court to review a motion to compel arbitration under the Rule 12(b)(6) standard absent the existence of a genuine issue of material fact as to whether a valid arbitration agreement

---

[1] Although both Plaintiff and Defendant have separately attempted to compel arbitration under the Carrier and Broker Agreement (*see generally* ECF Nos. 13, 23), both parties have alleged the agreement was induced by a fraudulent party, i.e., the party presenting as CST Transport (*see, e.g.*, ECF No. 8 ¶ 21 ("Defendant negligently entered into a Carrier and Broker Agreement, with an entity and/or business claiming to be CST Transport LLC"); ECF No. 13-1 at 2 ("Defendant entered into a Carrier and Broker Agreement with an entity claiming to be CST Transport LLC . . . ."); *id.* at 9 ("This assertion fundamentally questions the validity of the contractual relationship between the Defendant and CST.")). However, fraudulent inducement is an affirmative defense, which must be alleged in a responding pleading. *See* Fed. R. Civ. P. 8(c)(1); *but see Silicon Valley Bank v. Saggi*, Civ. A. No. 20-17813, 2021 WL 2525740, at *4 (D.N.J. June 21, 2021) (permitting a court to entertain unpled "affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings" (quoting *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 176 (2d Cir. 2014))). Therefore, as Defendant has not filed its answer to the Amended Complaint and, as such, has not alleged its affirmative defenses, the Court cannot determine the validity of the Carrier and Broker Agreement at this time without potentially prejudicing Defendant's rights in this action.

exists; and under the Rule 56(a) standard otherwise); *accord Houston Cas. Co. v. Kinsale Ins. Co.*, Civ. A. No. 24-7866, 2025 WL 2779139, at *3 (D.N.J. Sept. 30, 2025); *see also Jayasundera*, 2015 WL 4623508, at *2 (requiring a court reviewing a motion to compel arbitration to "first determine whether there is a genuine issue of material fact as to whether a valid arbitration agreement exists"). However, neither a motion pursuant to Rule 12(b)(6) nor a motion pursuant to Rule 56(a) is an appropriate avenue of relief against a defendant which has failed to respond to a pleading—*i.e.*, against a defendant which has failed to file either an answer under Rule 8 or a motion under Rule 12. Rather, absent extraordinary circumstances, Rule 55 is the only appropriate avenue of relief against a defendant which has failed to respond to a pleading. *See Corradi v. Rey*, Civ. A. No. 16-5076, 2019 WL 763598, at *1 (D.N.J. Feb. 21, 2019) ("Despite its label, this motion *must* be construed as a motion for default judgment under [Rule] 55(b), and not a motion for summary judgment under Rule 56 or for any relief under Rule 12." (emphasis added)).

Here, as Defendant has failed to file an answer to the Amended Complaint, the only appropriate avenue of relief is default under Rule 56(a). Based on the foregoing, Plaintiff's Motion to Compel Arbitration (ECF No. 23) under Rule 12(b)(6) is **DENIED** as procedurally defective.[2] However, the Court *sua sponte* reconsiders Plaintiff's Request for Default (ECF No. 22) under Rule 55(a).

### B.     Rule 55(a)

Rule 55(a) requires the Clerk's Office to enter default against a party whom a judgment for affirmative relief is sought when the party "has failed to plead or otherwise defend, and that failure

---

[2] Having determined it is inappropriate for the Court to consider the pending Motion to Compel Arbitration at this time, the Court need not determine the merits of whether the Carrier and Broker Agreement between Defendant and the party presenting as CST Transport or the unexecuted proposed Mediation Agreement between Plaintiff and Defendant constitute a valid agreement to arbitrate or whether this dispute falls within the scope of same.

is shown by affidavit or otherwise." *Wahab v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 12-6613, 2017 WL 4790387, at *2 (D.N.J. Oct. 24, 2017). Moreover, "entry of default by the Clerk under [Rule] 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Com'n*, 265 F. App'x 130, 133 (3d Cir. 2008).

It is unclear under the Rules as to the amount of time Defendant had to file an answer to the Amended Complaint. A motion to reinstate an action is filed pursuant to Rule 60(b), *see Mitchell v. Fuentes*, Civ. A. No. 12-3394, 2017 WL 8776965, at *2 (D.N.J. Dec. 15, 2017), *aff'd*, 761 F. App'x 109 (3d Cir. 2019), which does not provide an amount of time following reinstatement a defendant is accorded to file a responsive pleading, *see generally* Fed. R. Civ. P. 60. In relevant part, Rule 12(a)(4)(A) provides "if the court *denies* [a] motion [to dismiss,] . . . the responsive pleading must be served within [fourteen] days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A)(i) (emphasis added). However, the Court joins other district courts in construing the rule to apply whenever the court issues an order *resolving* a motion to dismiss. *See, e.g.*, *Everett v. BRP-Powertrain, GmbH & Co. KG*, 282 F. Supp. 3d 1063, 1068 (E.D. Wis. 2017); *R. A. Castille & Assocs., Inc. v. Corr. Med. Care Assocs., Inc.*, Civ. A. No. 10-2322, 2011 WL 13227691, at *1 (E.D. Pa. Jan. 13, 2011). Otherwise, a defendant that files a motion to dismiss could not voluntarily withdraw the motion without risking default and, as such, would be required to continue the motion despite its interest in withdrawing same in conflict with the scope and purpose of the Rules. *See* Fed. R. Civ. P. 1.

Here, Plaintiff filed the Amended Complaint on January 3, 2024. (ECF No. 8.) In response, Defendant filed a timely motion to compel arbitration. (ECF No. 13; *see also* ECF Nos. 11, 12 (extending time to respond to the Amended Complaint).) The parties subsequently filed a proposed consent order withdrawing the motion to compel arbitration and dismissing the Amended

Complaint without prejudice. (ECF No. 15.) On March 18, 2024, the Court entered the Consent Order (ECF No. 16): (i) withdrawing the motion to compel arbitration and extending the time to file an answer to the Amended Complaint by fourteen days, *see Fed. R. Civ. P.* 12(a)(4)(A)(i); and (ii) dismissing the Amended Complaint without prejudice tolling the time to file said answer, *see, e.g., Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 16 (3d Cir. 1985) (tolling the time to file a responsive pleading to a complaint between the time of its dismissal and reinstatement); *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553, 555 (M.D. Pa. 1984) ("Of course there was no requirement that an answer be filed after the case was dismissed and prior to reinstatement of the action. Once the Court reinstated the matter, however, an answer was required to be filed promptly.").

On September 25, 2024, Plaintiff filed a motion to reinstate pursuant to Rule 60(b) (ECF No. 17), which the Court granted on March 12, 2025 (ECF No. 21). Therefore, pursuant to Rule 12(a)(4)(A)(i), Defendant had fourteen days from the date the Court granted Plaintiff's motion to reinstate to file an answer to the Amended Complaint—March 26, 2025. On April 10, 2025, Plaintiff filed the Request for Default under Rule 55(a).[3] (ECF No. 22.) At this time, Defendant "has not yet filed an Answer, or any other responsive pleading." (*See* ECF No. 13.)

---

[3] In support of a request for default, a plaintiff is typically required to submit an affidavit with proofs demonstrating the following: sufficient process under Rule 12(b)(4); sufficient service of process under Rule 12(b)(5); and the defendant failed to plead or otherwise defend within the time proscribed under Rule 12(a). *See Reardon v. Hillman*, Civ. A. No. 18-1296, 2018 WL 1665700, at *4 (D.N.J. Apr. 6, 2018), *aff'd*, 735 F. App'x 45 (3d Cir. 2018) (citing *Bey v. Bruey*, Civ. A. No. 09-1092, 2009 WL 961411, at *4 (D.N.J. Apr. 8, 2009)). Here, in support of his request for default, Plaintiff submitted the required affidavit stating the Amended Complaint was filed on January 3, 2024; the action was dismissed without prejudice on March 18, 2024; the action was reinstated on March 12, 2025; and Defendant "has not yet filed an Answer, or any other responsive pleading." (*See* ECF No. 13.) The affidavit, however, was submitted without proof of service. (*See generally* ECF No. 13.)

"The fundamental purpose for requiring proper service of process is to ensure that the defendant receives notice of the commencement of the legal action and is afforded an opportunity

For the above-stated reasons, the Court directs the Clerk's Office to enter default against Defendant under Rule 55(a).

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel Arbitration under Rule 12(b)(6) (ECF No. 23) is **DENIED** and the Clerk's Office is directed to enter default against Defendant under Rule 55(a). An appropriate order follows.

**Date: January 13, 2026**              */s/ Brian R. Martinotti*
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**

---

to present his objections." *Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 647 (E.D. Pa. 2012) (quoting *Perlberger v. Caplan & Luber, LLP*, 152 F. Supp. 2d 650, 653 (E.D. Pa. 2001)); *accord Quality Line Express, LLC v. Little Chubby One, Inc.*, Civ. A. No. 22-7456, 2024 WL 5248027, at *4 (D.N.J. Dec. 30, 2024). The Court is satisfied Defendant had proper notice of the suit as demonstrated by Defendant's motion to compel arbitration or, alternatively, to dismiss the Amended Complaint pursuant to Rule 12(b)(6), which failed to raise the defense of insufficient process or service of process. (*See generally* ECF No. 13.) Having failed to raise either defense in its' prior motion, Defendant "waives the omitted defense[s] and cannot subsequently raise [either] in his answer or otherwise." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 720 (3d Cir. 1982); *see also McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998) ("[I]f a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of service under Rule 12(b)(5), that objection is waived."); Fed. R. Civ. P. 12(g)(2), (h)(1)(A). Accordingly, the Court finds Plaintiff was not required to demonstrate either sufficient process or service of process in support of his request for default and, as such, the submitted affidavit meets the requirements of Rule 55(a). *See Quality Line Express*, 2024 WL 5248027, at *4; *see also W. Trenton Hardware, LLC v. Brooklyn Textiles, LLC*, Civ. A. No. 21-17662, 2024 WL 4263209, at *3 (D.N.J. Sept. 23, 2024) (finding default judgment appropriate where defendant "waived any insufficient service of process defense, and the court [wa]s satisfied that Defendant ha[d] proper notice of th[e] matter").