**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| S-PLATFORM, LLC, | |
| Plaintiff, | Case No. 2:23-cv-21480 (BRM) (AME) |
| v. | **OPINION** |
| RPM EXPRESS, INC.; JOHN DOES 1-10; JANE DOES 1-10; and ABC COMPANIES 1-10, | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff S-Platform, LLC's ("Plaintiff") Motion for Default Judgment

(the "Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b). (ECF No. 29.)

Defendant RPM Express, Inc. ("Defendant") filed an Opposition and Cross-Motion to Vacate

Default[1] under Rule 55(c) (ECF No. 31),[2] and Plaintiff filed a Reply (ECF No. 32). This Court has

---

[1] Defendant fails to specifically caption its response as an opposition and cross-motion. (*See generally* ECF No. 31; *see also* ECF No. 32 (claiming a request to set aside the entry of default "must be sought via [a] [m]otion or [c]ross[-][m]otion").) The submission, however, requests the Court to set aside the entry of default and reviews the relevant factors in support of same (*see* ECF No. 31 at 3–5), which Plaintiff addresses in its Reply (*see* ECF No. 32 at 1–2). Accordingly, the Court construes the submission as both an opposition to Plaintiff's Motion for Default Judgment under Rule 55(b) and a cross-motion to vacate default under Rule 55(c). *See Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984) (requiring the court to focus "on the function of the [submission], not its caption"); *see also, e.g.*, *Kyocera Document Sols. Am., Inc. v. Div. of Admin.*, 708 F. Supp. 3d 531, 543 (D.N.J. 2023) (accepting an opposition brief as both an opposition and a cross-motion).

[2] Pursuant to Local Civil Rule 7.1(d)(2), an opposition was to be filed by February 5, 2026. On February 17, 2026, the Court entered a text order *sua sponte* extending the deadline to oppose the Motion to February 27, 2026. (ECF No. 30.) The text order warned Defendant the failure to file an opposition within the time proscribed "may result in the motion being considered unopposed." (*Id.*) On March 3, 2026, Defendant filed the Opposition and Cross-Motion to Vacate Default. (*Id.*)

jurisdiction pursuant to 28 U.S.C. § 1332(a). Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, the Motion for Default Judgment is **ADMINISTRATIVELY TERMINATED** without prejudice to reinstatement, the Cross-Motion to Vacate Default is **ADMINISTRATIVELY TERMINATED** without prejudice to reinstatement, and the action is stayed *sua sponte* for ninety days to allow the parties to complete either private mediation and/or arbitration.

## I.    BACKGROUND

For the purpose of this motion, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

---

As such, the Opposition and Cross-Motion to Vacate Default were untimely filed. In response, Defendant claims the submission was not "willful[ly]" untimely but was rather the result of "significant staffing changes and attendant administrative disruption at counsel's firm, which caused delays in calendaring and case management across multiple matters." (ECF No. 31 at 1.) It is well-established, neither staffing changes nor mis-calendaring are acceptable excuses for the failure to file a timely response. *See Keeling v. Smith & Nephew, Inc.*, Civ. A. No. 19-8189, 2020 WL 13835895, at *4 (D.N.J. Apr. 1, 2020) (listing cases stating the failure to manage cases does not constitute "excusable neglect"). But recognizing the Third Circuit's preference that matters be adjudicated on the merits, *see United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984), the Court in its discretion will consider the untimely filing, *see D'Orazio v. Washington Twp.*, 501 F. App'x 185, 187 (3d Cir. 2012). However, no further deviations from the Federal Rules of Civil Procedure, the Local Civil Rules, or the Court's orders will be permitted absent extraordinary circumstances.

### A.    Factual Background

Plaintiff is an international trading company organized under the laws of New Jersey, which utilizes the services of brokers and carriers to transport its goods. (Am. Compl. (ECF No. 8) ¶¶ 5, 7–8.) Defendant is a transportation broker organized under the laws of Virginia. (*Id.* ¶ 9.) In 2021, Plaintiff entered into an agreement with Defendant to arrange for the safe transportation of its goods. (*See id.* 8 ¶¶ 11, 20.) For approximately two years, Plaintiff utilized Defendant's brokering services without incident. (*See id.* ¶ 20; *but see* ECF No. 13-2 ¶ 4 (claiming Plaintiff and Defendant had no prior dealings).)

On March 21, 2023, Plaintiff issued a Delivery Order to Defendant to transport one shipping container between warehouses located in California. (ECF No. 8 ¶ 17; *accord* ECF No. 8-1 at 2–3.) The shipping container contained "828 S-Energy 400W Solar Panels" (the "Shipping Container"), which were approximately valued at $170,000. (ECF No. 8 ¶ 18.)

On March 22, 2023, Defendant entered into a Carrier and Broker Agreement with an unknown party that utilized the Department of Transportation ("DOT") and Motor Carrier ("MC") numbers of non-party CST Transport LLC (*id.* ¶¶ 21–23, 37–38; *accord* ECF No. 8-1 at 3–10.) The Carrier and Broker Agreement included an arbitration clause (the "Arbitration Clause"). (ECF No. 8-1 ¶¶ 30–31.) Defendant communicated with the party presenting as CST Transport solely through emails and did not call CST Transport prior to entering into the agreement. (*See* ECF No. 8 ¶ 38.) The unknown party subsequently appointed a party identifying itself as 1 Remedy Logistics, LLC, to transport the Shipping Container. (*Id.* ¶ 26; *see also* ECF No. 13-2 ¶ 7.)

The next day, Defendant supplied a Bill of Lading, which Plaintiff subsequently supplied to the pickup warehouse. (ECF No. 8 ¶¶ 24–5; *accord* ECF No. 8-1 at 11–12.) That evening, Defendant notified Plaintiff the Shipping Container had not been delivered to the receiving

warehouse. (ECF No. 8 ¶ 29.) Furthermore, neither the alleged representatives of CST Transport nor 1 Remedy Logistics were responding to Defendant's attempts at communication. (*Id.* ¶ 29; *see also* ECF No. 13-2 ¶ 9.) Although Defendant assured Plaintiff it would investigate the circumstances and provide Plaintiff with more information regarding the missing Shipping Container as it became available, Defendant subsequently avoided any further communications with Plaintiff entirely. (*See id.* ¶¶ 31, 34–35.) Plaintiff ultimately reported the missing Shipping Container to both the Ontario California Police Department and the Englewood Cliffs New Jersey Police Department. (*Id.* ¶¶ 32–33; *accord* ECF No. 8-1 at 13–19.)

**B.      Procedural History**

On October 25, 2023, Plaintiff filed the Complaint against Defendant alleging both breach of contract and negligence under diversity jurisdiction. (ECF No. 1.) In response to the Court's directive, Plaintiff subsequently filed a Diversity Disclosure Statement (ECF No. 3), which failed to sufficiently set forth Plaintiff's state of citizenship (ECF No. 4). On December 4, 2023, the Court entered an Order dismissing the Complaint without prejudice for lack of subject-matter jurisdiction. (ECF No. 5.)

On December 22, 2023, Plaintiff filed a motion for relief pursuant to Rule 60(b) and for leave to file an Amended Complaint pursuant to Rule 15(a). (ECF No. 6.) On January 2, 2024, the Court entered an Order reinstating the matter and granting leave to file the Amended Complaint (ECF No. 7), which Plaintiff filed on January 3, 2024. (ECF No. 8.) The Amended Complaint sufficiently set forth Plaintiff's state of citizenship. (*See id.*)

On February 7, 2024, Defendant filed a motion to compel arbitration pursuant to the Arbitration Clause contained in the Carrier and Broker Agreement between Defendant and the party presenting as CST Transport. (ECF No. 13; *see also* ECF Nos. 11, 12 (extending time to

respond to the Amended Complaint).) In response, on March 11, 2024, Plaintiff filed a consent order to dismiss the Amended Complaint without prejudice "to allow the parties to pursue private mediation and/or arbitration." (ECF No. 15.) On March 18, 2024, the Court entered the Consent Order dismissing the Amended Complaint without prejudice. (ECF No. 16.)

Following the dismissal of the Amended Complaint, counsel for Plaintiff and Defendant negotiated the terms of a mediation agreement (the "Mediation Agreement"), which was then drafted and mailed to Defendant for execution. (ECF No. 17-2 ¶ 6.) Following its receipt of the proposed Mediation Agreement, counsel for Defendant ceased all communication with counsel for Plaintiff. (*Id.* ¶ 7–11.) Neither Plaintiff nor Defendant ultimately executed the proposed Mediation Agreement. (*See generally id.* at 5–8.)

On September 25, 2024, Plaintiff filed a second motion for relief pursuant to Rule 60(b). (ECF No. 17.) Although Defendant requested an extension to oppose same (ECF No. 18; *see also* ECF No. 19 (granting same)), no opposition to the motion was ultimately filed (*see* ECF No. 20). On March 12, 2025, the Court entered an Order reinstating the matter. (ECF No. 21.)

On April 10, 2025, Plaintiff filed a request for default under Rule 55(a) (ECF No. 22), which the Clerk's Office denied based on Defendant's prior motion to compel arbitration (Clerk's Entry dated April 14, 2025).

On July 16, 2025, Plaintiff filed the motion to compel arbitration pursuant to the terms of both the Carrier and Broker Agreement between Defendant and the party presenting as CST Transport as well as the unexecuted Mediation Agreement between Plaintiff and Defendant. (ECF No. 23.) Defendant did not oppose the motion to compel arbitration. (*See* ECF Nos. 26 at 5.) On January 13, 2026, the Court entered an order denying the motion to compel arbitration but directed

*sua sponte* the Clerk's Office to enter default against Defendant under Rule 55(a). (ECF Nos. 26, 27.)

On January 22, 2026, Plaintiff filed the Motion for Default Judgment under Rule 55(b). (ECF No. 29.) Defendant filed the Opposition and Cross-Motion to Vacate Default under Rule 55(c) on March 3, 2026 (ECF No. 31), and Plaintiff filed the Reply on March 10, 2026 (ECF No. 32).

## II.   LEGAL STANDARD

### A.   Rule 55(a), (c)

Rule 55(a) requires the Clerk's Office to enter default against a party whom a judgment for affirmative relief is sought when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Wahab v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 12-6613, 2017 WL 4790387, at *2 (D.N.J. Oct. 24, 2017). Moreover, "entry of default by the Clerk under [Rule] 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Com'n*, 265 F. App'x 130, 133 (3d Cir. 2008).

Rule 55(c), however, permits the Court to "set aside an entry of default for good cause" at its discretion. *See Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entries of default are not favored, and doubtful cases are "to be resolved in favor of the party moving to set aside the default 'so that cases may be decided on the merits.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). Moreover, the grounds for setting aside a default are "less substantial" than would be required for vacating a default judgment. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ("[A]ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default

6

entry may be set aside for reasons that would not be enough to open a default judgment." (quoting 10 C. Wright & A. Miller, *Federal Practice & Procedure* § 2696, 334 (1973))). To determine whether good cause exists to vacate the entry of default, the Court looks at the following four *Poulis* factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the effectiveness of alternative sanctions.[3] *Emcasco Ins. Co.*, 834 F.2d 71, 73 (3d Cir. 1987) (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

### B. Rule 55(b)

Once the Clerk makes an entry of default, Rule 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2)). The district court, rather than the Clerk, must enter the judgment where the amount is not a sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b). The Third Circuit generally disfavors default judgment. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). While entry of a default judgment is within the district court's discretion, cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citing *Tozer*, 189 F.2d at 244).

Prior to entering a default judgment, the Court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether Defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG*

---

[3] This last factor is not always considered. *See, e.g., Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano*, 691 F.2d at 656.

*Freight Grp. LLC*, Civ. A. No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). In addition, the Court must make explicit factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (holding these "[t]hree factors control whether a default judgment should be granted.").

Generally, courts treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbine*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688, at 58–59 (3d ed. 1998)).

## III.    DECISION

Plaintiff moves for default judgment under Rule 55(b). (ECF No. 29.) In response, Defendant cross-moves to vacate default under Rule 55(c). (ECF No. 31); *see also Mawalla v. Lakewood Bd. of Educ.*, Civ. A. No. 23-2734, 2025 WL 1260900, at *2 (D.N.J. Apr. 30, 2025) ("When parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first."). Defendant argues the entry of default was not the result of culpable conduct, it has meritorious defenses in the matter, and Plaintiff will not be prejudiced if default is vacated. (*See* ECF No. 31 at 4–5.) Alternatively, Defendant requests the Court to stay the action and to direct the parties to proceed with alterative

8

dispute resolution. (*Id.* at 5.) Although Plaintiff does not address Defendant's request to stay the action to proceed with alternative dispute resolution, Plaintiff reminds the Court that Defendant had previously agreed to dismiss the action to proceed with same before ceasing all communication. (*See* ECF No. 32 at 2.)

It is well settled a district court has broad authority to stay an action, *see Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d. Cir. 1976), which it may exercise *sua sponte* in the interests of justice, *see Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014); *Humana Inc. v. Merck & Co.*, Civ. A. No. 23-23023, 2026 WL 96942, at *14 (D.N.J. Jan. 14, 2026). The authority to stay an action is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for [the court], for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 245, 254–55 (1936)). "A stay is particularly appropriate and within the court's 'sound discretion,' where the outcome of another [action] may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court." *MEI, Inc. v. JCM Am. Corp.*, Civ. A. No. 09-351, 2009 WL 3335866, at * 4 (D.N.J. Oct. 15, 2009) (citing *Bechtel Corp.*, 544 F.2d at 1215); *see also, e.g.*, *Washington v. CentraState Healthcare Sys., Inc.*, Civ. A. No. 10-6279, 2011 WL 1402765, at *3 (D.N.J. Apr. 13, 2011) (holding the appropriate remedy to enforce either mediation or arbitration is a stay, rather than dismissal) (citing, in part, *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004)); *Blue Gentian v. Tristar Prods., Inc.*, Civ. A. No. 13-1758, 2021 WL 3561215, at *8 (D.N.J. Aug. 12, 2021) ("[G]ranting a stay to permit mediation (or to require it) will often be appropriate." (internal quotation marks omitted)).

Here, both parties have expressed interest in private mediation and/or arbitration. Both Plaintiff and Defendant have individually filed motions to compel arbitration pursuant to the

Arbitration Clause (EFC Nos. 13, 23), and Plaintiff filed a motion to compel mediation pursuant to the drafted Mediation Agreement (ECF No. 23). Notably, neither party opposed the other's motion to compel. (*See* ECF No. 16 (filing in response to Defendant's motion to compel a proposed order dismissing the Amended Complaint without prejudice "to allow the parties to pursue private mediation and/or arbitration"); ECF No. 26 (failing to respond to Plaintiff's motion to compel).) Therefore, based on Defendant's representations that it is prepared to proceed with alternative dispute resolution and in the interests of justice, the Court finds a temporary stay of the action is appropriate to allow the parties to complete private mediation and/or arbitration.[4] Accordingly, both the Motion for Default Judgment and the Cross-Motion to Vacate Default are **ADMINISTRATIVELY TERMINATED** without review of either motion on its merits and the action is stayed for ninety (90) days to allow the parties to complete either private mediation and/or arbitration.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment (ECF No. 29) is **ADMINISTRATIVELY TERMINATED** without prejudice to reinstatement, Defendant's Cross-Motion to Vacate Default (ECF No. 31) is **ADMINISTRATIVELY TERMINATED** without prejudice to reinstatement, and the action is stayed *sua sponte* for ninety (90) days from the date of the accompanying order to allow the parties to complete either private mediation or arbitration. If neither mediation nor arbitration is completed within the time allotted, both the Motion for Default Judgment and the Cross-Motion to Vacate Default will be automatically

---

[4] In permitting the parties to pursue private mediation and/or arbitration, the Court makes no substantive ruling as to whether the Arbitration Clause or the proposed Mediation Agreement are valid and enforceable. The Court merely grants a temporary stay to permit the parties to pursue private alternative dispute resolution and leaves it to the parties to decide the means and methods in which they pursue same.

reinstated to be determined on the merits based on the original submissions (ECF Nos. 29, 31, 32)

without the opportunity for additional briefing. An appropriate order follows.


**Date: May 12, 2026**                                    */s/ Brian R. Martinotti*
                                                          **HON. BRIAN R. MARTINOTTI**
                                                          **UNITED STATES DISTRICT JUDGE**

11