**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

S-PLATFORM, LLC,

Plaintiff,

v.

RPM EXPRESS, INC.; JOHN DOES 1-10; JANE DOES 1-10; and ABC COMPANIES 1-10,

Defendants.

Case No. 2:23-cv-21480 (BRM) (AME)

**MEMORANDUM ORDER**

**THIS MATTER** is before the Court on Plaintiff S-Platform, LLC ("Plaintiff") and Defendant RPM Express, Inc.'s ("Defendant") Joint Status Report requesting further stay of the matter to allow the parties to complete private mediation. (*See* ECF No. 36.) Plaintiff is an international trading company organized under the laws of New Jersey, which utilizes the services of brokers and carriers to transport its goods. (ECF No. 8 ¶¶ 5, 7–8.) Defendant is a transportation broker organized under the laws of Virginia. (*Id.* ¶ 9.) On March 22, 2023, Defendant brokered an agreement between Plaintiff and an unknown party to transport one shipping container containing solar panels valued at $170,000, which the unknown party subsequently stole. (*Id.* ¶¶ 17–18, 21–25, 29, 31–35, 37–38; *accord* ECF No. 8-1 at 2–19.)

On October 25, 2023, nearly three years ago, Plaintiff filed the original Complaint against Defendant (ECF No. 1), and was subsequently amended (ECF No. 8). The Amended Complaint alleges causes of action against Defendant based on breach of contract and negligence. (*Id.*)

On February 7, 2024, Defendant filed a motion to compel arbitration pursuant to an arbitration clause contained in the carrier and broker agreement between Defendant and the unknown party. (ECF No. 13.) In response, Plaintiff filed a consent order to dismiss the Amended

Complaint without prejudice "to allow the parties to pursue private mediation and/or arbitration." (ECF No. 15.) On March 18, 2024, the Court entered the Consent Order dismissing the Amended Complaint without prejudice. (ECF No. 16.)

Following the dismissal of the Amended Complaint, counsel for Plaintiff and Defendant negotiated the terms of a mediation agreement (the "Mediation Agreement"), which was then drafted and mailed to Defendant for execution. (ECF No. 17-2 ¶ 6.) Following its receipt of the proposed Mediation Agreement, counsel for Defendant ceased all communication with counsel for Plaintiff. (*Id.* ¶¶ 7–11.)

On March 12, 2025, the Court entered an Order reinstating the matter. (ECF No. 21.) Plaintiff filed a motion to compel arbitration pursuant to the terms of the carrier and broker agreement between Defendant and the unknown party or to compel mediation pursuant to the terms of the parties' unexecuted Mediation Agreement. (ECF No. 23.) On January 13, 2026, the Court entered an order, which denied the motion to compel but directed the Clerk's Office to enter default against Defendant under Federal Rule of Civil Procedure ("Rule") 55(a). (ECF Nos. 26, 27; *see also* Clerk's Entry, dated January 13, 2026.) Plaintiff filed a motion for default judgment under Rule 55(b) on January 22, 2026 (ECF No. 29), and Defendant filed an opposition and cross-motion to vacate default under Rule 55(c) on March 3, 2026 (ECF No. 31).

On May 12, 2026, the Court entered an Order administratively terminating without prejudice to reinstatement Plaintiff's motion for default judgment and Defendant's cross-motion to vacate default pursuant to Rule 55(c), and *sua sponte* staying the action for ninety (90) days to allow the parties to complete either private mediation or arbitration. (ECF No. 34.) The Court directed the parties to complete either private mediation or arbitration within the time allotted or both Plaintiff's motion for default judgment and Defendant's cross-motion to vacate default would

be automatically reinstated to be determined on the merits based on the original submissions without the opportunity for additional briefing. (*Id.*). The Order instructed the parties to file a joint status report apprising the Court of the status of the arbitration or mediation efforts "no later than August 10, 2026." (*Id.*) Neither party filed the ordered joint status report on August 10, 2026. On August 14, 2026, the Court entered a Text Order directing the parties to file the joint status report within seven (7) days. (ECF No. 35.)

On August 19, 2026, the parties filed the Joint Status Report advising the Court the parties have failed to complete either arbitration or mediation within the time allotted. (ECF No. 36.) The submission suggests that counsel for the parties once again ceased all substantive communication with one another for the duration of the ninety-day stay and only entered into actual communication following the entry of the Text Order. (*See id.*) Although the parties claim to have executed into the Mediation Agreement—nine days after the conclusion of the stay—and have designated a named mediation, the parties fail to attach a copy of the agreement to their submission. (*See generally id.*) The Joint Status Report does not provide a scheduled date for mediation or suggest the parties have at this time agreed to a scheduled date for same. (*See id.*) Nor does the submission request or propose a reasonable time period for the extension of the stay. (*See id.*). Although the Court finds the interest of justice would be better served by permitting the parties to mediate the relevant issues raised in this action prior to litigation, the Court cautions both parties further dilatory conduct may result in the imposition of sanctions.

Accordingly, for the reasons set forth above, and for good cause appearing,

**IT IS** on this 26th day of August 2026,

**ORDERED** that the action is further stayed an additional ninety (90) days from the date this action was to be reinstated to allow the parties to complete mediation in compliance with the terms of the parties' executed Mediation Agreement; and it is further

**ORDERED** that no additional extensions of the stay will be granted; and it is further

**ORDERED** that the parties are to file a joint status report apprising the Court of the status of mediation no later than the last day of the stay on November 9, 2026; and it is further

**ORDERED** that the stay of the action will automatically be lifted following the conclusion of the extended stay on November 9, 2026; and it is further

**ORDERED** that both Plaintiff's motion for default judgment and Defendant's cross-motion to vacate default will be automatically reinstated following the conclusion of the extended stay to be determined on the merits based on the original submissions (ECF Nos. 29, 31, 32) without the opportunity for additional briefing.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**